IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NICHOLAS JOHN WALDROP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-174 |
| | ) | |
| COLUMBIA COUNTY S.O.; CARRIE | ) | |
| WOKUTCH, Deputy; D. BURLINGHAM, | ) | |
| Deputy; and J. MOSS, Sergeant, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Columbia County Detention Center in Appling, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. On December 17, 2015, the Court ordered Plaintiff to amend his complaint to correct certain pleading deficiencies. (Doc. no. 9.) Plaintiff has submitted an amended complaint. (Doc. no. 10.) Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. SCREENING OF THE AMENDED COMPLAINT

In his original complaint, Plaintiff alleged false charges and imprisonment, naming Defendants: (1) Columbia County S.O.; (2) Deputy Carrie Wokutch; (3) Deputy D. Burlingham; and (4) Sergeant J. Moss. (Doc. no. 1, p. 1.)

The original complaint alleged that, on March 27, 2015, Plaintiff met with a female named Courtney to engage in consensual intercourse. (Id. at 7.) On that evening, an argument arose over "money for pills," and Plaintiff attempted to escort Courtney out of his home. Courtney elbowed Plaintiff in the nose and lost her balance on the steps and fell. (Id. at 8.) Plaintiff and Courtney returned to Plaintiff's room and spent the night. (Id.) The next morning, Plaintiff asked Courtney to leave and escorted her out. (Id.) Plaintiff demanded compensation for lost wages, loss of the use of his residence, defamation of character, pain and suffering, and lost business profits. (Id. at 9.) The Court notified Plaintiff in its December 17th Order that his allegations did not allow it to conduct a meaningful initial review. (Doc. no. 9.) Because Plaintiff is proceeding *pro se*, the Court gave him an opportunity to attempt to cure the identified pleading deficiencies by submitting an amended complaint. (Id.)

The amended complaint names the same Defendants and alleges that they arrested Plaintiff for false imprisonment and "family battery," and Defendants did not question "[Plaintiff's] witness and verify that [Plaintiff] had not done it." (Id. at 5.) Plaintiff further alleges that Defendants "did not properly do their job." (Id.) Defendant seeks relief in the form of monetary damages. (Id. at 6.)

## II. DISCUSSION

### A. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams,

2

490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV,

3

Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B.     Plaintiff's Complaint is Barred Under Heck v. Humphrey

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's complaint is barred under Heck v. Humphrey, in which the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven.  512 U.S. 477, 486-87 (1994); see also Edwards v. Balisok, 520 U.S. 641, 645 (1997) (extending Heck to certain types of due process challenges brought under § 1983). Heck applies to suits filed by pretrial detainees.  Mallery v. McLeod, CV 312-126, 2012 WL 2378140, at *3-4 (N.D. Fla. May 31, 2012) (citing Wiley v. City of Chicago, 361 F.3d 994, 996 (7th Cir. 2004); Smith v. Holtz, 87 F.3d 108 (3d. Cir. 1996)).  In Heck, the Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated.  520 U.S. at 487.  In short, a claim for monetary damages that challenges Plaintiff's incarceration is not cognizable under § 1983.  Heck, 512 U.S. at 487.

Plaintiff, a pretrial detainee[1] currently in custody pending an ongoing state criminal proceeding, alleges he was falsely arrested in connection with two crimes he did not commit. (See doc. no. 1, p. 5.)  Were the claim resolved in Plaintiff's favor in this Court, the outcome

---

[1]Columbia County Clerk of Court Web Docket, available at http://www.columbiaclerkofcourt.com (follow "Criminal Search" hyperlink; then search for "Waldrop, Nicholas John", last visited February 6, 2016); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

would inevitably undermine the state criminal proceeding. Vickers, 137 F. App'x at 290. For this reason, his claim is barred by Heck. See Cole v. State of Fla., CV 310-178, 2010 WL 2711861, at *3 (N.D. Fla. June 3, 2010) (dismissing, under Heck, pretrial detainee's § 1983 claim of false arrest where resolving claim in his favor would undermine potential conviction on pending criminal charges); Mallery, 2012 WL 2378140 at *3-4 (finding that Heck barred pretrial detainee's damages claims because, if successful, his claims would necessarily imply invalidity of his potential convictions).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of February, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA